

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| Carol L. Reeves, | § | No. 08-15-00272-CV |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| Beverly Mitrisin, Gisela Stephens and John Doe 1-25 those being parties whose identities have not been learned, | § | of El Paso County, Texas |
| | § | (TC# 2014DCV1237) |
| Appellees. | § | |

**O R D E R**

On October 20, 2015, Appellant filed a notice asserting that the appeal is from a final judgment, but it is not ripe because the trial court failed to rule on certain issues. Attached to the notice is a copy of a motion to amend the judgment purportedly filed in the trial court on or about October 13, 2015. Appellant does not ask the Court to take any action, but her notice raises a question whether we have jurisdiction of the appeal.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (West 2015)(authorizing appeals from certain interlocutory orders). A final judgment is one that disposes of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195. If there is no final judgment or appealable interlocutory order, the appeal must be dismissed for lack of jurisdiction. After reviewing the clerk's record, including the order granting summary judgment in favor of Appellees, we find that the judgment disposes of all causes of action and parties. Therefore, it is a final and appealable judgment. Appellant's brief is due to be filed on October 21, 2015.

IT IS SO ORDERED this 21st day of October, 2015.

PER CURIAM

Before McClure, C.J., Rodriguez, and Hughes, JJ.